# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CARA NASISI & ROBIN CHERNOFF, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** *Plaintiffs*, <br><br> **v.** <br><br> **WELLCARE HEALTH PLANS, INC.,** *Defendant*. | **Civil Action No.** |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Cara Nasisi and Robin Chernoff ("Plaintiffs") file this Class and Collective Action Complaint ("Complaint") against Wellcare Health Plans, Inc. ("Defendant"), and in support state the following:

**Nature of This Lawsuit**

1. Defendant is a Fortune 200 Company that provides "government sponsored managed care services to [health plan participants] through Medicare, Medicare Advantage, and Medicare Prescription Drug Plans."[1]

2. Defendant employed Plaintiffs to perform utilization review and case management functions to attempt to reduce the costs of medical care.

3. Defendant employed Plaintiffs and other individuals to perform similar job duties under various job titles in Defendant's "Clinical" job family, including but not

---

[1] www.wellcare.com/Corporate/CSR-Website (last visited April 19, 2019).

Page - 1

limited to the following: job titles that include some variation of "Care Manager" or "Case Manager," including but not limited to "Field Care Manager," "Pediatric Field Care Manager," "Pediatric Case Manager," "Behavioral Care Manager," and "Pediatric Case Manager;" job titles that contain some variation of "Review Nurse," including but not limited to "Utilization Review Nurse," "Clinical Appeals Review Nurse," "Inpatient Clinical Appeals Review Nurse," "Clinical Claims Review Nurse," and "Prior Authorization Nurse;" and the job titles "Clinical Social Worker," "Service Coordinator," and "Field Service Coordinator" (collectively, "Care Management Employees").[2]

4. Defendant paid Care Management Employees a salary.

5. Defendant's Care Management Employees regularly worked over 40 hours per week.

6. Defendant classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

7. In fact, Defendant's Care Management Employees primarily performed non-exempt work, including asking health plan participants standardized questions to document their medical circumstances ("Data Collection"), inputting answers to those questions into Defendant's computer system ("Data Input"), following established guidelines designed to

---

[2] The practice of assigning arbitrary job titles to individuals performing substantially the same work is a pervasive practice in the managed care industry. See Deakin v. Magellan Health, Inc., 328 F.R.D. 427, 433 (D.N.M. 2018) (conditionally certifying class of managed care workers employed under job titles that included the terms "Care Coordinator" or "Care Manager" and rejecting defendant's argument that certification was inappropriate because defendant employed non-supervisory employees in thirty-six job titles containing the terms "Care Coordinator" or "Care Manager").

maximize utilization of health plan resources through application of predetermined criteria ("Care Utilization"), coordinating care by performing ministerial tasks like arranging appointments, referrals, and obtaining necessary authorizations from individuals ("Care Coordination"), supplying health plan participants with additional information and resources to allow them to educate themselves about their health plan ("Plan Information"), and other similar work (collectively, "Care Management Work").

8. Plaintiffs bring this action on behalf of themselves and other similarly situated Care Management Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

9. Plaintiff Nasisi also brings class action claims under New York state law under New York Minimum Wage Act, Labor Law § 650 *et seq*., the New York Wage Payment Act, Labor Law § 190 *et seq*., and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "NYLL").

10. Plaintiff Nasisi brings her state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Care Management Employees for all earned overtime pay.

**The Parties**

11. Plaintiff Nasisi worked for Defendant as a Care Management Employee in this Judicial District from June 2010 to June 2018.

12. Plaintiff Chernoff worked for Defendant as a Care Management Employee in New Jersey from March 2015 to March 2017.

13. Defendant is a Florida corporation.

14. Defendant's principal place of business is in Tampa, Florida.

**Jurisdiction and Venue**

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

16. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as their FLSA claims.

17. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

18. Plaintiffs worked as Care Management Employees for Defendant.

19. During her employment with Defendant, Plaintiff Nasisi primarily performed Care Management Work.

20. During her employment with Defendant, Plaintiff Chernoff primarily performed Care Management Work.

21. During her employment, Plaintiff Nasisi's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

22. During her employment, Plaintiff Chernoff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

23. During her employment, Plaintiff Nasisi's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

24. During her employment, Plaintiff Chernoff's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

25. During her employment, Plaintiff Nasisi's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health issues.

26. During her employment, Plaintiff Chernoff's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health problems.

27. During her employment, Plaintiff Nasisi's job duties did not involve making medical decisions in order to select the appropriate medical care for patients or other individuals to treat their medical issues or ailments.

28. During her employment, Plaintiff Chernoff's job duties did not involve making medical decisions to select the appropriate medical care for patients or other individuals to treat their medical issues or ailments.

29. During her employment, Plaintiff Nasisi's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests or analyzing the results from diagnostic tests, diagnosing human responses to actual or potential health problems, monitoring and reporting whether patients were receiving medical services, interviewing patients to consider or advise them regarding alternative treatments, providing medical opinions on treatment and medication, assessing whether requested treatments were related to the original compensable injury, or determining whether an issue should be referred for an independent medical evaluation.

30. During her employment, Plaintiff Chernoff's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests or analyzing the results from diagnostic tests, diagnosing human responses to actual or potential health problems, monitoring and reporting whether patients were receiving medical services, providing medical opinions on treatment and medication, or assessing whether requested treatments were related to the original compensable injury.

31. Defendant required Plaintiff Nasisi to work over 40 hours in one or more individual workweeks during the last three (3) years.

32. Defendant required Plaintiff Chernoff to work over 40 hours in one or more individual workweeks during the last three (3) years.

33. During her employment with Defendant, Plaintiff Nasisi worked over 40 hours in one or more individual workweeks during the last three (3) years.

34. During her employment with Defendant, Plaintiff Chernoff worked over 40 hours in one or more individual workweeks during the last three (3) years.

35. Defendant classified Plaintiff Nasisi as exempt from the overtime provisions of the FLSA and NYLL.

36. Defendant classified Plaintiff Chernoff as exempt from the overtime provisions of the FLSA.

37. Defendant paid Plaintiff Nasisi a salary.

38. Defendant paid Plaintiff Chernoff a salary.

39. When Plaintiff Nasisi worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Nasisi overtime at one-and-one-half times her regular rate of pay.

40. When Plaintiff Chernoff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Chernoff overtime at one-and-one-half times her regular rate of pay.

41. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

42. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

43. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

44. During her employment, Plaintiff Nasisi was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

45. During her employment, Plaintiff Chernoff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

46. During her employment, Plaintiff Nasisi was an "employee" of Defendant as defined by the NYLL § 196.1(b).

47. During her employment, Defendant was Plaintiff Nasisi's "employer" as defined under the FLSA in § 203(d).

48. During her employment, Defendant was Plaintiff Chernoff's "employer" as defined under the FLSA in § 203(d).

49. During her employment, Defendant was Plaintiff Nasisi's "employer" as defined by the NYLL in § 2(6).

**Collective Action Allegations**

50. Plaintiffs bring their FLSA claims as a collective action.

51. Plaintiffs' consent forms to participate in this collective action are attached to this Complaint as Exhibits A-B.

52. The collective action is defined as follows:

All individuals employed by Defendant as Care Management Employees in the last three years who were paid salary, who worked more than 40 hours in one or more individual workweeks, who were classified as exempt, and who file consent forms to participate in this lawsuit ("Collective Action Members").

53. Plaintiffs are similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

54. In the last three years, Defendant employed individuals who performed the same primary duties as Plaintiffs.

55. Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

56. Of employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in individual workweeks.

57. Defendant maintained one or more common job descriptions for Care Management Employees.

58. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

59. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

60. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

61. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

62. Plaintiff Nasisi also seek class certification under Fed. R. 23 of the following state law sub-class:

   a. All individuals employed by Defendant in New York as Care Management Employees in the last six years who were paid salary,

>      who were classified as exempt, and who worked more than 40 hours in one or more individual workweeks (the "New York Class").

63. The New York Class has more than 40 members.

64. As a result, the New York Class is so numerous that joinder of all members is not practical.

65. There are questions of law or fact common to the New York Class, including (1) whether the New York Class primarily performed non-exempt work; (2) whether Defendant violated the NYLL by refusing to pay the New York Class overtime pay; and (3) the proper measure of damages if Defendant misclassified the New York Class as exempt from the overtime provisions of the NYLL.

66. Plaintiff Nasisi's overtime claims are typical of those of the New York Class because they arise out of Defendant's uniform compensation practices.

67. Defendant's defenses to Plaintiff Nasisi's NYLL claims are typical of its defenses to those of the New York Class because they are grounded in the same compensation practices.

68. Plaintiff Nasisi can fairly and adequately protect the interests of the New York Class because she is asserting the same claims as the New York Class.

69. Plaintiff Nasisi can fairly and adequately protect the interests of the New York Class because she has no interests adverse to the New York Class.

70. Plaintiff Nasisi can fairly and adequately protect the interests of the New York Class because she has retained counsel experienced in class action employment litigation.

71. The common questions of law and fact predominate over the variations which may exist between members of the New York Class, if any.

72. Plaintiff Nasisi and the members of the New York Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

73. If individual actions were required to be brought by each member of the New York Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendant.

74. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New York Class is entitled.

75. The books and records of Defendant are material to the New York Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
## Violation of the Fair Labor Standards Act
### (Collective Action)

76. Plaintiffs incorporate here the previous allegations of this Complaint.

77. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members when they worked over 40 hours in individual workweeks.

78. Plaintiff Nasisi was not exempt from the overtime provisions of the FLSA.

79. Plaintiff Chernoff was not exempt from the overtime provisions of the FLSA.

80. Collective Action Members were not exempt from the overtime provisions of the FLSA.

81. Plaintiff Nasisi was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

82. Plaintiff Chernoff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

83. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks.

84. Defendant paid Plaintiff Nasisi a salary and no overtime compensation.

85. Defendant paid Plaintiff Chernoff a salary and no overtime compensation.

86. Defendant paid other Collective Action Members a salary and no overtime compensation.

87. Defendant violated the FLSA by failing to pay overtime to Plaintiff Nasisi at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

88. Defendant violated the FLSA by failing to pay overtime to Plaintiff Chernoff at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

89. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

90. Defendant's failure to pay Plaintiffs and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, seek a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

## COUNT II
### Violation of the New York Labor Law
### (Class Action)

91. Plaintiff Nasisi incorporates here the previous allegations of this Complaint.

92. This count arises from Defendant's violations of the NYLL by failing to pay overtime to Plaintiff Nasisi and the New York Class when they worked over 40 hours in individual workweeks.

93. Defendant classified Plaintiff Nasisi as exempt from the overtime provisions of the NYLL.

94. Defendant classified members of the New York Class as exempt from the overtime provisions of the NYLL.

95. Plaintiff Nasisi was not exempt from the overtime provisions of the NYLL.

96. Members of the New York Class were not exempt from the overtime provisions of the NYLL.

97. Plaintiff Nasisi was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

98. Defendant violated the NYLL by failing to pay Plaintiff Nasisi and the New York Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Nasisi, on behalf of herself and the New York Class, seeks a judgment against Defendant as follows:

    A. All unpaid overtime wages due to Plaintiff Nasisi and the New York Class;

    B. Pre-judgment and post-judgment interest;

    C. Liquidated damages equal to the unpaid overtime compensation due;

    D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

    E. Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiffs demand a trial by jury.

Respectfully submitted,

*/s/ Ravi Sattiraju*
Ravi Sattiraju, Esq.
(S.D.N.Y. No.: RS3273)
**THE SATTIRAJU LAW FIRM, P.C.**
116 Village Blvd., Suite 200
Princeton, New Jersey 08540
Telephone: (609) 799-1266
Facsimile: (609) 228-5649
Email: rsattiraju@sattirajulawfirm.com

DOUGLAS M. WERMAN
MAUREEN A. SALAS*
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

JACK SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiffs and Others Similarly Situated**