IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARA NASISI, ROBIN CHERNOFF, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiffs*, <br><br> **v.** <br><br> COMPREHENSIVE HEALTH MANAGEMENT, INC., <br><br> *Defendant*. | **Civil Action No. 1:19-4132-KPF** |

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Cara Nasisi and Robin Chernoff ("Plaintiffs") file this First Amended Class and Collective Action Complaint ("Complaint") against Comprehensive Health Management, Inc. (collectively, "Defendant"), and in support state the following:

**Background**

1.  Wellcare, through various subsidiaries, has contracted to provide managed care services to Medicaid and Medicare Advantage managed care plans to a nationwide group of 5.5 million government-sponsored health plan enrollees primarily located in New York, Kentucky, Florida, Georgia, and Illinois.[1]

2.  Wellcare primarily conducts business through various managed care organization subsidiaries ("MCOs"), set up to cover each health plan administered in each

---

[1] *See* www.wellcare.com/Corporate/CSR-Website (last visited June 12, 2019); *see also* bit.ly/Wellcare201910k (Wellcare Health Plan's Inc. 2019 annual report) (last visited June 12, 2019).

state, which contract with federal and state agencies to provide managed care services for Medicaid or Medicare plans ("MC Agreement").

3. MCOs contract with Defendant who provides managed care services to Medicaid and Medicare Members in accordance with the MC Agreement.

4. In fact, Defendant's business operations consist entirely of providing these services for WellCare plans[2] to reduce the costs of medical care.

5. Defendant employed Plaintiffs and other individuals to perform case management and utilization review job functions under various job titles within Defendant's "Clinical"[3] job family, which include one or more of the following terms or variations of those terms: (1) Case Manager; (2) Care Manager; (3) Utilization Review/Utilization Management; (4) Care Coordinator; (5) Social Worker; and (6) Review Nurse (collectively, "Care Management Employees").[4]

6. Defendant paid Care Management Employees a salary.

7. Defendant's Care Management Employees regularly worked over 40 hours per week.

8. Defendant classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime wages when they worked over 40 hours in an individual workweek.

---

[2] https://www.wellcare.com/~/media/PDFs/NA/Shared/na_corporate_fact_sheet_03_2017.ashx (last visited July 6, 2019).

[3] https://jobs.wellcare.com/ (providing multiple featured groups of jobs, including "Clinical Jobs") (last visited July 6, 2019)

[4] This includes job titles that include the abbreviation "UM" (Utilization Management) or "UR" (Utilization Review).

9. Defendant misclassified Care Management Employees as exempt from state and federal overtime laws.

10. In fact, the case management and utilization review job functions primarily performed by Plaintiffs and other Care Management Employees consisted of non-exempt work, including collecting information to document insureds' medical circumstances, inputting medical information into Defendant's computer systems, applying well-established guidelines to maximize utilization of plan resources through application of predetermined criteria, coordinating care by performing ministerial tasks like arranging appointments, referrals, and obtaining necessary authorizations from individuals, supplying health plan participants additional information and resources to allow them to educate themselves about their health plan, and other similar work (collectively, "Managed Care Work").

11. Plaintiffs bring this action on behalf of themselves and other similarly situated Care Management Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

12. Plaintiff Nasisi also brings class action claims under New York state law under New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "NYLL").

13. Plaintiff Nasisi brings the NYLL state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Care Management Employees for all earned overtime pay, failure to provide accurate wage statements, and failure to provide accurate hiring notices.

**The Parties**

14. Plaintiff Nasisi worked for Defendant as a Care Management Employee in this Judicial District from June 2010 to June 2018.

15. Plaintiff Chernoff worked for Defendant as a Care Management Employee in New Jersey from July 2014 to March 2017.

16. Defendant is a Florida corporation.

17. Defendant's principal place of business is in Tampa, Florida.

**Jurisdiction and Venue**

18. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

19. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as their FLSA claims.

20. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

21. Plaintiffs worked as Care Management Employees for Defendant.

22. During her employment with Defendant, Plaintiff Nasisi primarily performed Managed Care Work.

23. During her employment with Defendant, Plaintiff Chernoff primarily performed Managed Care Work.

24. During her employment, Plaintiff Nasisi's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

25. During her employment, Plaintiff Chernoff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

26. During her employment, Plaintiff Nasisi's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

27. During her employment, Plaintiff Chernoff's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

28. During her employment, Plaintiff Nasisi's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health issues.

29. During her employment, Plaintiff Chernoff's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health issues.

30. During her employment, Plaintiff Nasisi's job duties did not involve making medical decisions in order to select the appropriate medical care for patients or other individuals to treat their medical issues or ailments.

31. During her employment, Plaintiff Chernoff's job duties did not involve making medical decisions to select the appropriate medical care for patients or other individuals to treat their medical issues or ailments.

32. During her employment, Plaintiff Nasisi's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests or analyzing the results from diagnostic tests, diagnosing human responses to actual or potential health problems, monitoring and reporting whether patients were receiving medical services, interviewing patients to consider or advise them regarding alternative treatments, providing medical opinions on treatment and medication, assessing whether requested treatments were related to the original compensable injury, or determining whether an issue should be referred for an independent medical evaluation.

33. During her employment, Plaintiff Chernoff's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests or analyzing the results from diagnostic tests, diagnosing human responses to actual or potential health problems, monitoring and reporting whether patients were receiving medical services, interviewing patients to consider or advise them regarding alternative treatments, providing medical opinions on treatment and medication, assessing whether requested treatments were related to the

original compensable injury, or determining whether an issue should be referred for an independent medical evaluation.

34. Defendant required Plaintiff Nasisi to work over 40 hours in one or more individual workweeks during the last three (3) years.

35. Defendant required Plaintiff Chernoff to work over 40 hours in one or more individual workweeks during the last three (3) years.

36. During her employment with Defendant, Plaintiff Nasisi worked over 40 hours in one or more individual workweeks during the last three (3) years.

37. During her employment with Defendant, Plaintiff Chernoff worked over 40 hours in one or more individual workweeks during the last three (3) years.

38. Defendant classified Plaintiff Nasisi as exempt from the overtime provisions of the FLSA and NYLL.

39. Defendant classified Plaintiff Chernoff as exempt from the overtime provisions of the FLSA.

40. Defendant paid Plaintiff Nasisi a salary.

41. Defendant paid Plaintiff Chernoff a salary.

42. When Plaintiff Nasisi worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Nasisi overtime at one-and-one-half times her regular rate of pay.

43. When Plaintiff Chernoff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Chernoff overtime at one-and-one-half times her regular rate of pay.

44. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

45. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

46. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

47. During her employment, Plaintiff Nasisi was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

48. During her employment, Plaintiff Chernoff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

49. During her employment, Defendant was Plaintiff Nasisi's "employer" as defined under the FLSA in § 203(d).

50. During her employment, Defendant was Plaintiff Chernoff's "employer" as defined under the FLSA in § 203(d).

51. During her employment, Plaintiff Nasisi was an "employee" of Defendant as defined by the NYLL §§ 190(2), 651(5) and 12 N.Y.C.R.R. 142-2.14(a).

52. During her employment, Defendant was Plaintiff Nasisi's "employer" as defined by NYLL §§ 190(3), 651(6).

**Collective Action Allegations**

53. Plaintiffs bring their FLSA claims as a collective action.

54. Plaintiffs' consent forms to participate in this collective action have previously been filed with the Court.

55. The collective action is defined as follows:

> All individuals employed by Defendant as Care Management Employees in the last three years who were paid a salary, who worked more than 40 hours in one or more individual workweeks, and who were not paid overtime wages ("Collective Action Members").

56. Plaintiffs are similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

57. In the last three years, Defendant employed individuals who performed the same primary duties as Plaintiffs.

58. Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

59. Of employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in individual workweeks.

60. Defendant maintained one or more common job descriptions for Care Management Employees.

61. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

62. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

63. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

64. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

65. Plaintiff Nasisi seeks class certification under Fed. R. 23 of the following state law class:

> All individuals employed by Defendant in New York as Care Management Employees since May 8, 2013, who were paid a salary, who were classified as exempt, and who worked more than 40 hours in one or more individual workweeks (the "New York Class").

66. Defendant employed more than 40 individuals as Care Management Employees in New York in the last six years.

67. Defendant employed more than 40 individuals as exempt Care Managers in New York in the last six years.

68. As a result, the New York Class is so numerous that joinder of all members is not practical.

69. There are questions of law or fact common to the New York Class, including (1) whether members of the New York Class primarily performed non-exempt work; (2) whether Defendant violated the NYLL by refusing to pay members of the New York Class overtime pay; (3) whether Defendant violated the NYLL by failing to provide accurate wage statements; (4) whether Defendant violated the NYLL by failing to provide complete hiring notices; and (5) the proper measure of damages if Defendant misclassified members of the New York Class as exempt from the overtime provisions of the NYLL, and failed to provide accurate wage statements, and failed to provide complete hiring notices.

70. Plaintiff Nasisi's overtime claims are typical of those of the New York Class because they arise out of Defendant's uniform compensation practices.

71. Plaintiff Nasisi's wage statement and hiring notice claims are typical of those of the New York Class because they arise out of Defendant's uniform employment practices.

72. Defendant's defenses to Plaintiff Nasisi's NYLL claims are typical of its defenses to those of the New York Class because they are grounded in the same compensation practices.

73. Plaintiff Nasisi can fairly and adequately protect the interests of the New York Class because she is asserting the same claims as the New York Class.

74. Plaintiff Nasisi can fairly and adequately protect the interests of the New York Class because she has no interests adverse to the New York Class.

75. Plaintiff Nasisi can fairly and adequately protect the interests of the New York Class because she has retained counsel experienced in class action employment litigation.

76. The common questions of law and fact predominate over the variations which may exist between members of the New York Class, if any.

77. Plaintiff Nasisi and the members of the New York Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

78. If individual actions were required to be brought by each member of the New York Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendant.

79. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New York Class is entitled.

80. The books and records of Defendant are material to the New York Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

81. Plaintiffs incorporate here the previous allegations of this Complaint.

82. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members when they worked over 40 hours in individual workweeks.

83. Plaintiff Nasisi was not exempt from the overtime provisions of the FLSA.

84. Plaintiff Chernoff was not exempt from the overtime provisions of the FLSA.

85. Collective Action Members were not exempt from the overtime provisions of the FLSA.

86. Plaintiff Nasisi was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

87. Plaintiff Chernoff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

88. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks.

89. Defendant paid Plaintiff Nasisi a salary and no overtime compensation.

90. Defendant paid Plaintiff Chernoff a salary and no overtime compensation.

91. Defendant paid other Collective Action Members a salary and no overtime compensation.

92. Defendant violated the FLSA by failing to pay overtime to Plaintiff Nasisi at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

93. Defendant violated the FLSA by failing to pay overtime to Plaintiff Chernoff at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

94. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

95. Defendant's failure to pay Plaintiffs and other similarly situated persons one and one-half times their regular rates for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, seek a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

## COUNT II
## Violation of the New York Labor Law – Failure to Pay Overtime
### (Class Action)

96. Plaintiff Nasisi incorporates here the previous allegations of this Complaint.

97. This count arises from Defendant's violations of the NYLL by failing to pay overtime to Plaintiff Nasisi and the New York Class when they worked over 40 hours in individual workweeks.

98. Defendant classified Plaintiff Nasisi as exempt from the overtime provisions of the NYLL.

99. Defendant classified members of the New York Class as exempt from the overtime provisions of the NYLL.

100. Plaintiff Nasisi was not exempt from the overtime provisions of the NYLL.

101. Members of the New York Class were not exempt from the overtime provisions of the NYLL.

102. Plaintiff Nasisi was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

103. Defendant violated the NYLL by failing to pay Plaintiff Nasisi and the New York Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Nasisi, on behalf of herself and the New York Class, seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff Nasisi and the New York Class;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Appropriate equitable, declaratory, and injunctive relief to remedy violations, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

F. Such other relief as the Court deems appropriate.

## COUNT III
## NYLL – Failure to Provide Wage Statements
## (Class Action)

104. Plaintiff Nasisi incorporates here the previous allegations of this Complaint.

105. Defendant failed to supply Plaintiff Nasisi and members of the NYLL Class with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates

of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

106. Due to Defendant's violations of NYLL § 195, for each workweek that Defendant failed to provide a proper wage statement from May 8, 2013 through February 26, 2015, Plaintiff Nasisi and members of the NYLL Class are each entitled to damages of $100 per workweek, or a total of $2,500 per class member, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

107. Due to Defendant's violations of NYLL § 195, for each workweek that Defendant failed to provide a proper wage statement from February 27, 2015 through the present, Plaintiff Nasisi and members of the NYLL Class are each entitled to damages of $250 per work day, or a total of $5,000 per class member, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**WHEREFORE**, Plaintiff Nasisi, on behalf of herself and the NYLL Class, seeks the following relief:

A. Statutory damages, as provided for by NYLL § 198, for Defendant's failure to provide accurate wage statements;

B. Appropriate equitable, declaratory, and injunctive relief to remedy violations, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

C. Pre-judgment and post-judgment interest;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.     Such other relief the Court deems appropriate.

## COUNT IV
## NYLL – Failure to Provide Accurate Hiring Notices
## (Class Action)

108.   Plaintiff Nasisi incorporates here the previous allegations of this Complaint.

109.   Defendant failed to supply Plaintiff Nasisi and members of the NYLL Class notice as required by NYLL § 195, in English or in the language identified by Plaintiff Nasisi and members of the NYLL Class as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

110.   Defendant failed to supply Plaintiff Nasisi and members of the NYLL Class with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

111.  Due to Defendant's violations of NYLL § 195, Plaintiff Nasisi and members of the NYLL Class are each entitled to damages of $50.00 for each work day that Defendant failed to provide a hiring notice, or a total of $5,000.00 per class member, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**WHEREFORE**, Plaintiff Nasisi, on behalf of herself and the NYLL Class, seeks the following relief:

- A. Statutory damages, as provided for by NYLL § 198, for Defendant's failure to provide accurate hiring notices;
- B. Pre-judgment and post-judgment interest;
- C. Appropriate equitable, declaratory, and injunctive relief to remedy violations, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;
- D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and
- E. Such other relief the Court deems appropriate.

**Jury Demand**

Plaintiffs demand a trial by jury.

Respectfully submitted,

*/s/ Maureen A. Salas*

DOUGLAS M. WERMAN
IL Bar No. 6204740
MAUREEN A. SALAS
IL Bar No. 6289000
**WERMAN SALAS P.C.**
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Email: dwerman@flsalaw.com
Email: msalas@flsalaw.com

TRAVIS M. HEDGPETH
Texas Bar No. 24074386
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
Email: travis@hedgpethlaw.com

JACK SIEGEL
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
Email: jack@siegellawgroup.biz

Ravi Sattiraju
N.Y. Bar No. 4053344
**THE SATTIRAJU LAW FIRM, P.C.**
116 Village Blvd., Suite 200
Princeton, NJ 08540
Telephone: (609) 799-1266
Email: rsattiraju@sattirajulawfirm.com

**Attorneys for Plaintiffs and Others Similarly Situated**