IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARA NASISI, ROBIN CHERNOFF, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    *Plaintiffs*,<br><br>v.<br><br>COMPREHENSIVE HEALTH MANAGEMENT, INC.,<br><br>    *Defendant*. | Civil Action No. 1:19-cv-4132 (KPF) |

**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF THE JOINT STIPULATION OF SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT**

Named Plaintiffs Cara Nasisi and Robin Chernoff ("Named Plaintiffs"), respectfully request that the Court enter an Order, in the form attached hereto as Exhibit A, approving the Parties' Joint Stipulation of Settlement ("Settlement Agreement" or "Agreement") as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act.

As demonstrated in the accompanying Supporting Memorandum of Law, the Parties' settlement constitutes the resolution of a *bona fide* dispute between the parties and is the result of arm's-length negotiations, conducted by experienced counsel for all Parties, after litigating this case for one year and attending a mediation with an experienced wage-and-hour mediator. The Settlement resolves the claims of 95 Plaintiffs who have previously filed consent forms to join the lawsuit, and the terms of the settlement are reasonable, appropriate, and fair to all Parties.

As a result, Plaintiffs respectfully request that the Court approve the Settlement and permit the Parties to effectuate its terms using the forms and procedures set forth in their Agreement.

1

Plaintiffs also ask, consistent with the Agreement, that the Court appoint Analytics Consulting LLC the third-party Administrator and approve the following payments: (i) Service Awards to the two Named Plaintiffs in the amount of $7,500, each; (ii) Attorneys' Fees equal to one-third of the Settlement Fund; and (iii) Plaintiffs' Litigation Expenses in an amount of $7,540.01.

For these reasons and those stated in the accompanying Memorandum, the Court should approve the Parties' Settlement Agreement. The Parties also request that the Court dismiss the action with prejudice with respect to the Named Plaintiffs, as well as each FLSA Opt-in Plaintiff who negotiates his or her Settlement Payment check, and dismiss the action without prejudice with respect to each FLSA Opt-in Plaintiff who does not negotiate his or her Settlement Payment check within the 180-day check cashing period.

Dated: January 13, 2021

Respectfully Submitted,

/s/ Maureen A. Salas

DOUGLAS M. WERMAN
MAUREEN A. SALAS
**WERMAN SALAS P.C.**
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
T: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

TRAVIS M. HEDGPETH
Texas Bar No. 24074386
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
T: (281) 572-0727
F: (281) 572-0728
travis@hedgpethlaw.com

JACK SIEGEL
Texas Bar No. 24070621

**SIEGEL LAW GROUP PLLC**
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
T: (214) 790-4454
Jack@siegellawgroup.biz

RAVI SATTIRAJU
N.Y. Bar No. 4053344
**THE SATTIRAJU LAW FIRM, P.C.**
116 Village Blvd., Suite 200
Princeton, NJ 08540
T: (609) 799-1266
F: (609) 228-5649
Rsattiraju@sattirajulawfirm.com

*ATTORNEYS FOR PLAINTIFFS*